**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rodger Norris,<br><br>   Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>   Defendant. | No. CV-21-08204-PCT-DJH<br><br>**ORDER** |

Plaintiff Rodger Norris ("Plaintiff") has filed a motion for attorney fees under Section 406(b) of the Social Security Act. 42 U.S.C. § 406(b). In Plaintiff's first Motion for an Award of Attorney Fees (Doc. 23), Plaintiff, through counsel, seeks an award of $57,474.00 in total attorney fees. The Commissioner states that Plaintiff's counsel is the real party-in-interest, but that he neither supports nor opposes counsel's request for attorney fees. (Doc. 25). The Court will grant Plaintiff's counsel his requested fees.

Section 406[1] establishes "the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 795–96 (2002). "The statute deals with the administrative and judicial review stages discretely: [Section] 406(a) governs fees for representation in administrative proceedings; [Section] 406(b) controls fees for representation in court." *Id*. at 794. Section 406(b) provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as

---

[1] Unless where otherwise noted, all Section references are to the Social Security Act.

part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A).  Fees are payable out of, and not in addition to, the amount of a claimant's past-due benefits.  *Id*.

Before awarding fees, the Court must consider whether the 42 U.S.C. § 406(b) fee requested is (1) within the statutory guidelines; (2) consistent with the fee agreement; and (3) reasonable in light of the contingent-fee agreement.  *See Gisbrecht*, 535 U.S. at 807–08.  Additionally, courts will require plaintiff's counsel to refund to the plaintiff the lesser of the fees awarded under Section 406(b) and the Equal Access to Justice Act 28 U.S.C. § 2412 ("EAJA").  *See Parrish v. Astrue*, 2008 WL 961611, at *2 n.3 (D. Ariz. Apr. 8, 2008) ("When EAJA fees are paid and there is also an award of attorney fees under 406(b), a plaintiff's attorney must refund to the claimant the amount of the smaller fee. There is thus a dollar-for-dollar offset of any 406(b) fee by an EAJA award.") (internal quotation and citation omitted); *Parrish v. Comm'r of Soc. Sec. Admin*., 698 F.3d 1215 (9th Cir. 2012) ("Where the same attorney represented a claimant at each stage of judicial review, the court need merely offset all EAJA awards against the § 406(b) award.").

Plaintiff's counsel seeks a total fee award of $57,474.00 for 25% of Plaintiff's past-due benefits—which the parties agreed to as a contingency fee.  (Doc. 26-3 at 1). Plaintiff sought judicial review for the denial of his Title II and Title XVI benefits. (Doc. 23 at 2).  On the third round of a new hearing after remand from this Court, Plaintiff received a fully favorable decision.  (*Id.* at 3). In fact, he was awarded retroactive benefits in the amount of $229,896.00.  (*Id.* at 4). Plaintiff's counsel was also previously awarded a total of $2,900.00 in EAJA fees from his representation of Plaintiff. (Doc. 23 at 3). Having reviewed Plaintiff's Motion and Memorandum[2] in support of the Motion (Docs. 23 & 26), the Court finds that the time expended, and amounts charged by counsel, are reasonable for this case.

First, Plaintiff's request for fees does not exceed twenty-five percent of the total

---

[2] Plaintiff's counsel lodged his Memorandum as a Reply brief at Doc. 26.

past-due benefits obtained by Plaintiff. Plaintiff was awarded retroactive benefits in the amount of $229,896.00, but twenty-five percent of that benefit award was withheld for attorney fees. (Doc. 26-1 at 4). The amount that Plaintiff pursues for attorney fees—$57,474.00—is exactly 25%[3] as statutorily required. *See Gisbrecht*, 535 U.S. at 807–08.

Second, the fee arrangement between Plaintiff and his counsel stated that Plaintiff's counsel would receive twenty-five percent of the past due benefits awarded to Plaintiff because of counsel's representation. (Doc. 26-3 at 1). This means that Plaintiff's request is consistent with the fee arrangement between Plaintiff and counsel and that it mirrors the requirements of Section 406(b). *See* 42 U.S.C. § 406(b)(1)(A).

Finally, Plaintiff's total fee request is reasonable considering the contingent fee agreement. Plaintiff's counsel submitted an itemization of services that represents that he spent a total of 44.75 hours laboring on this matter. (Doc. 26-2 at 1–4). The attached Itemization of Services illustrates that Plaintiff's counsel has been representing Plaintiff since August 16, 2021. (*Id.* at 1). His work has included drafting legal arguments in opposition to the Commissioner's briefs, conducting legal research and review, and general preparation of materials for the Court. (*Id.* at 1–4).

If Plaintiff's counsel was paid hourly for the work he did in this matter, he would receive a fee equivalent of $1,284.33 per hour for the 44.75 hours of related work he performed.[4] Having considered the reasonableness factors set forth in *Gisbrecht*, the Court concludes that this amount is a reasonable rate.[5] 535 U.S. at 808. However, because counsel's requested fees are on the higher end of the usual requested amounts, the Court will further expand on why counsel's request is reasonable.[6] The Court must

---

[3] Twenty-five percent of $229,896.00 is $57,474.00 (0.25 x $229,896.00).

[4] Dividing the requested amount of attorney fees, $57,474.00, by 44.75 (the amount of work hours committed to representing Plaintiff) yields a total hourly rate of $1,284.33.

[5] The Court notes that this is certainly on the higher end, but not unreasonable given the standards set forth in *Gisbrecht*, 535 U.S. at 798–799 (resolving a circuit split and outlining how fee awards should be calculated for § 406(b) cases).

[6] Plaintiff's counsel listed many cases in support of his position that $1,284.33 was a reasonable fee per hour. (Doc. 26 at 1). However, he adjusted the amount awarded on many, not all, of these cases to account for inflation and present-day value. (*Id.*) The

do this because "routine approval of fees pursuant to a contingency fee agreement calling for the statutory maximum is, however, disfavored." *Thommen v. Colvin*, 2014 WL 3478727, at *1 (D. Or. July 11, 2014). No matter the contingency agreement, and although the list of factors for the Court to determine reasonableness are not definitive, the Court can typically look at the results obtained in a case, the character of the representation, whether there was any delay directly attributable to counsel, and whether the fee is proportional to the amount of time spent on the case. *Id.* In analyzing these factors, the Court notes that counsel obtained favorable results for his client resulting in a retroactive benefit award of $229,896.00. (Doc. 26-3 at 4). The Court is also not able to glean anything that was wrong with the character of counsel's representation of his client. Additionally, there was no delay that was attributable to counsel. Having so determined, the Court finds that counsel's requested fee award is reasonable, given the circumstances.[7] The Court will therefore award $57,474.00 in attorney fees under Section 406(b), but Plaintiff's counsel must refund Plaintiff the entirety of the EAJA fees received—$2,900.00. (Doc. 23); *See Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991) ("The dual fee awards [under 42 U.S.C. § 406(b) and the EAJA] are proper here as long as [the plaintiff's] attorney gives the smaller of the two awards to his client to compensate [him] for his litigation costs.").

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for an Award of Attorney Fees (Doc. 23) is **granted**. Plaintiff is awarded $57,474.00 in attorney fees under 42 U.S.C § 406(b) and that sum shall be paid out from Plaintiff's past-due benefits.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall refund to Plaintiff the lesser of the fees awarded under 42 U.S.C. § 406(b) and the Equal Access to Justice Act.

---

Court does not find these cases particularly persuasive because they do not accurately reflect the fees he is seeking but understands counsel's point in including them.

[7] At least one court has noted that relying on an imputed hourly rate alone is misleading in 401(b) cases where counsel takes great personal risk to take the case on a contingency basis. *Kazanjian v. Astrue*, 2011 WL 2847439, at *2 (E.D.N.Y. July 15, 2011).

**IT IS FINALLY ORDERED** that the fees shall be made payable to Plaintiff's attorney, John E. Phillips, and can be made by electronic fund transfer (EFT) or by check mailed to the following address: 216 Vara Ct., Rio Rico, AZ 85648.

Dated this 5th day of November, 2025.

_____
Honorable Diane J. Humetewa
United States District Judge